1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFESTYLE IMPROVEMENT CENTER, LLC D/B/A POSITIVE CHANGES HYPNOSIS CENTERS, a Virginia Limited Liability Company,<br><br>             Plaintiff,<br><br>   vs.<br><br>HYPNOSIS FOR POSITIVE CHANGES a/k/a HYPNOSIS BEVERLY HILLS, and ALEXANDER HERTZBERG,<br><br>          Defendants. | Case No. : CV 16-6292-DMG (GJSx )<br><br>**CONSENT DECREE [24]** |

-1-

Plaintiff Lifestyle Improvement Center, LLC d/b/a Positive Changes Hypnosis Centers (referred to herein as "Plaintiff" or "Positive Changes"), brings this action for trademark infringement pursuant to 15 U.S.C. §1114, unfair competition under the Lanham Act § 43, 15 U.S.C. §1125(a), unfair competition and unfair business practices under California Business and Professions Code section 17200, common law trademark infringement, and common law unjust enrichment.  Plaintiff appears by and through its counsel of record, James E. Heffner, Hahn Loeser & Parks.

Defendants Hypnosis for Positive Changes a/k/a Hypnosis Beverly Hills and Alexander Hertzberg (collectively referred to as "Defendants"), appearing *pro se*, agree to the entry of this Consent Decree, without admission regarding the existence or nonexistence of any issue, fact or violation of any law alleged in Plaintiff's Complaint.

This Court, having read and considered the Joint Stipulation and the Consent Decree that have been executed by Plaintiff and Defendants and finding that the Consent Decree is fair, reasonable, and adequate, and for good cause appearing, hereby ORDERS, ADJUDGES, and DECREES, as follows:

**I. Plaintiff's Business and Trademark**

A. Plaintiff operates a behavior modification center using personal coaching and hypnosis techniques to help individuals lose weight, stop smoking, manage pain, and reduce stress.

B. Plaintiff has been using the "Positive Changes Hypnosis" service mark in connection with its services in interstate commerce for 20 years and is the owner of U.S. Service Mark Registration No. 2,508,646 for the mark "Positive Changes Hypnosis."

C. On December 4, 2007, the United States Patent and Trademark Office issued a Notice of Acceptance under Sections 8 and 15 of the Trademark Act (15 U.S.C. §§1058, 1065.)

-2-

D. Plaintiff has expended considerable resources to develop a demand of its services in the marketplace associated with the "Positive Changes Hypnosis," service mark.  The "Positive Changes Hypnosis" mark is widely recognized within the industry and by the consumers and indicating the source of Plaintiff's services, and is distinctive of Plaintiff's services, resulting in substantial good will valued by Plaintiff.

**II. Plaintiff's Allegations**

A. In this Action, Plaintiff alleges that Defendants are using the mark "Positive Changes" to market their hypnosis services on the Internet and within the state of California.

B. Plaintiff alleges that Defendants' use of the "Positive Changes" mark confuses customers in the marketplace into wrongly believing that Defendants' services are associated with Plaintiff.

C. Plaintiff alleges that Defendants use of the "Positive Changes" mark constitutes trademark infringement pursuant to 15 U.S.C. §1114, violates unfair competition under the Lanham Act §43, 15 U.S.C. §1125(a), violates unfair competition and unfair business practices under California Business and Professions Code section 17200, violates common law trademark infringement and is unjust enrichment.

**III. Jurisdiction and Venue**

A. The Court has jurisdiction over the subject matter of the claims set forth in this Agreement and over the parties to this Agreement pursuant to, among other authorities, 15 U.S.C. §1125(a), 15 U.S.C. §1121, 28 U.S.C. §§1331, 1332, 1338(a), and 1338(b).

B. This Court has supplemental jurisdiction over the common law trademark infringement, state and common law unfair competition, and common law unjust enrichment pursuant to 28 U.S.C. §1367.

C. This Court has personal jurisdiction over Defendants, because Defendant Alexander Hertzberg is a resident of Los Angeles, California and Defendant Hypnosis for Positive Changes a/k/a Hypnosis Beverly Hills is located in Los Angeles, California and offers its services for sale in this district.  Solely for the purposes of this Agreement, Defendants waive all objections and defenses that they may have to the jurisdiction of this Court.

D. The injunctive provisions of this Consent Decree shall apply to Defendants, and Defendants' successors, assigns, officers, members, participants, agents, servants, employees, representatives, and all other persons or entities in active concert or participation with Defendants.

E. Defendants further agree that this Court shall retain jurisdiction of this action for the purpose of implementing and enforcing the terms and conditions of the Consent Decree and for all other purposes.

F. Venue is appropriate in the Central District of California based on the residency status of Defendants pursuant to 28 U.S.C. §1391(b).

**IV. The Parties**

A. Plaintiff Positive Changes is a Virginia Limited Liability Company with its principal place of business located at 125 Robins Square Court, Robins, IA 52328.

B. Defendant Hypnosis for Positive Changes a/k/a Hypnosis Beverly Hills is a sole proprietorship of Defendant Alexander Hertzberg with its principal place of business located at 10350 Santa Monica Boulevard, Suite 300, Los Angeles, CA 90025.

///

///

///

///

C. Defendant Alexander is an individual residing in Los Angeles, California. His residential address is:

> Alexander Hertzberg
>
> 1420 S Oakhurst Dr., Apt. 211
>
> Los Angeles, CA 90035

## V. Definitions

**THE COURT ORDERS** that the following definitions shall be used in interpreting the terms of this Consent Decree:

A. "Action" refers to this suit, styled Lifestyles Improvement Center, LLC d/b/a Positive Changes Hypnosis Centers, a Virginia Limited Liability Company v. Hypnosis for Positive Changes a/k/a Hypnosis Beverly Hills, and Alexander Hertzberg, Case No. CV16-06292-DMG (GJSx), pending in the United States District Court, Central District of California, Western Division.

B. "Agreement" or "Consent Decree" refers to this Consent Decree.

C. "Effective Date" means the earliest date on which all Parties have signed this Agreement.

D. "Final Approval" means the earliest date on which all of the following have occurred:  (1) the Court has approved and entered this Agreement as a judgment, without modification materially adverse to any Party prior to or at the time of approval; and (2) the time for appeal from that judgment has expired without the filing of an appeal, or the judgment has been upheld on appeal and either the time for further appeal has expired without the filing of a further appeal or no further appeal is allowed.

E. "Principal address" means either (1) primary business address, if there is a business address, or (2) primary residential address, if there is no business address.

///

///

**VI. Effect of Entry of Decree**

Upon approval and entry of this Agreement by this Court, this Agreement and Consent Decree constitutes a final judgment between Plaintiff, on the one hand, and Defendants, on the other hand, in accordance with its terms.

**VII. Injunction**

**IT IS FURTHER ORDERED** that:

Defendants, directly or indirectly, or through any corporate or other device, are enjoined from:

A. Using the term "Positive Changes" or any other term or name, alone or in combination with other words or symbols, which is confusingly similar to the "Positive Changes Hypnosis" mark, or which is likely to cause confusion or mistake or to deceive, including any use on Defendants' website and on the Internet.

B. Seeking federal registration of "Positive Changes," alone or in combination with other words or symbols, which is confusingly similar to the positive "Positive Changes Hypnosis," mark, or which is likely to cause confusion or mistake or to deceive.

C. Attempting to engage in any action prohibited by Paragraphs VII. A – B above.

D. Encouraging, suggesting, advising, pressuring, inducing, or attempting to induce any person to engage in any action that would be prohibited by Paragraphs VII. A - B above.

**IT IS FURTHER ORDERED** that Defendants, directly or indirectly, or through any corporate or other device, are required to:

E. Deliver to Plaintiff all products, labels, marketing, promotional and other materials in its possession, custody, or control bearing the terms "Positive Changes," or any other term or name, alone or in combination with other words or

symbols, which are confusingly similar to the "Positive Changes Hypnosis" mark, or which are likely to cause confusion or mistake or to deceive.

F. Discontinue the use of the term "Positive Changes" on their website, located at www.hypnosisbeverlyhills.com.

**IT IS FURTHER ORDERED** that Defendants shall, within thirty (30) days after the date of entry of this Consent Decree:

G. Provide to Plaintiff for filing a verified written report including:

1. A detailed description of the manner and form in which Defendants have complied and are complying with this Consent Decree;

2. The name, address, and telephone number of any entity with which Defendants have had contact relating to the subject matter of this Consent Decree; and

3. Copies of the delivery confirmations of notice to all persons affected by the Consent Decree.

## VIII. Attorney Fees and Costs

Each Party to this Agreement shall bear its own attorneys' fees, costs, expert witness fees, and any other expenses incurred in connection with the Action and the negotiation, drafting, execution, and performance of the Agreement.  The prevailing Party in any controversy or claim arising out of or related to this Agreement or the breach thereof shall be entitled to recover its reasonable attorneys' fees and costs in addition to any other relief that may be granted.

## IX. Notices and Submittals

Whenever, under the terms of this Consent Decree, written notice is required to be given by one Party to another, it shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice of changes to the other Parties in writing:

For Plaintiff Positive Changes Hypnosis Centers:

Hahn Loeser & Parks
James Heffner
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Telephone: (619) 810.4300
Facsimile (619) 810.4301
Jheffner@hahnlaw.com

For Defendants Hypnosis for Positive Changes and Alexander Hertzberg:

Alexander Hertzberg

Alexander Hertzberg

1420 S. Oakhurst Dr., Apt. 211

Los Angeles, CA  90035

**X. Releases and Covenants Not to Sue**

Effective upon Final Approval, Plaintiff releases and covenants not to sue Defendants, or its parents or affiliates with respect to any and all civil claims relating to or arising out of the Action, including without limitation any and all civil claims under all federal or state statutes and implementing regulations, common law or maritime law, that arise from, relate to, or are based on, or could in the future arise from, relate to, or be based on the alleged trademark infringement of Plaintiff's "Positive Changes" mark under 15 U.S.C. § 1114 and related claims for state and federal unfair competition, common law trade mark infringement, and unjust enrichment; provided, however, that nothing in this Agreement shall affect or impair the claims or actions to enforce this Agreement.

**XI. Dismissal of Actions and Claims**

Not later than 15 days after Final Approval, each of the claims relating to or arising from the Action and asserted by Plaintiff against Defendants shall be dismissed and without an award of costs or attorneys' fees to any Party.

-8-

Defendants and Plaintiff shall enter into and execute all documents necessary to implement the provisions of this paragraph.

**XII. Enforcement**

The Court shall retain jurisdiction of this Action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of the Consent Decree and Injunction.  The violation of the terms of this Consent Decree may be punishable through contempt proceedings authorized by 18 U.S.C. § 401.

**XIII. Reservations of Rights**

A. This Agreement is the result of a compromise and does not constitute an admission of liability by any Party to this Agreement.  Except as expressly stated in this Agreement, each Party reserves against all persons or entities all rights, claims or defenses available to it that are unrelated to the claims arising from the Action.  Except as expressly stated in this Agreement, nothing in this Agreement is intended to affect legally the claims, if any, of any person or entity not a Party to this Agreement.

B. Nothing in this Agreement creates, nor shall it be construed as creating, any claim in favor of any person not a Party to this Agreement.

C. Except as explicitly stated herein, nothing in this Agreement alters, amends, modifies, or, in any way, affects the legal rights and duties of Plaintiff, on the one hand, and Defendants, on the other hand, under other agreements.

**XIV. Election to Terminate**

Any Party may elect to terminate this Agreement if:  (a) a final judicial determination is made by any court of competent jurisdiction that this Agreement will not be approved and entered without modification; or (b) such court modifies this Agreement in a manner materially adverse to that Party prior to or contemporaneously with a final judicial determination approving this Agreement

as modified.  A party electing to terminate this Agreement pursuant to this paragraph must do so within 10 days after an event specified in the preceding sentence, and shall immediately notify the other Parties of such election in writing by hand delivery, facsimile, or overnight mail.  Termination of this Agreement by one Party shall effect termination as to all Parties.  For purposes of this paragraph, "termination" and "terminate" shall mean the cessation, as of the date of notice of such termination, of any and all rights, obligations, releases, covenants, and indemnities under this Agreement.

## XV. Entry of Final Judgment

This Court finds that this Agreement is fundamentally fair, just and reasonable and directs that this consent decree be entered as a final judgment with respect to the claims against Defendants in this Action.  This Court finds no reason for delay in entering final judgment on the claims resolved herein, and this Court therefore directs that this Consent Decree be entered as a final judgment as to such claims pursuant to Federal Rule of Civil Procedure 54(b).

## XVI. Miscellaneous

A. Modification.  This Consent Decree can be modified only with the express written consent of the Parties to the Agreement and the approval of the Court.

B. Authorization to Execute Agreement.  Each undersigned representative of a Party to this Consent Decree certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this Agreement.

C. Execution in Counterparts.  This Consent Decree may be signed in counterparts.  A facsimile signature will have the same force and effect of an original signature or copy thereof.

D. Construction.  The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning.

E. Severability.  In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

F. Integration Clause.  This is an integrated Consent Decree.  This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the parties and expressly supersedes any and all prior oral or written agreements, covenants, representations, and warranties (expressed or implied) concerning the subject matter of this Consent Decree.

G. The Parties agree to be bound by this Consent Decree and not to contest its validity in any subsequent proceeding to implement or enforce its terms.  By entering into this Consent Decree, Defendants do not admit liability for any purpose as to any allegation or matter arising out of this Action.

This Consent Decree is entered in accordance with the foregoing on this 9th day of November, 2016.

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE